UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALAN DICARA,

    Plaintiff,

        v.                                          No. 3:16-cv-165 (SRU)(WIG)

LIBERTY MUTUAL INSURANCE,

    Defendant.
_____X

## RULING ON VARIOUS MOTIONS

Plaintiff, who is proceeding *pro se* in this diversity action, has moved for counsel to be appointed, has moved to be allowed to file electronically, and has moved the Court to designate this matter a class action.  *See* ECF No. 18.

**1. Motion to Appoint Counsel**

First, Plaintiff asks the Court to appoint an attorney to represent him.  "Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel." *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). Pursuant to 28 U.S.C. § 1915(e)(1), however, the Court in its sound discretion may request an attorney to represent any person unable to afford counsel. *See Toliver v. City of New York*, 530 F. App'x 90, 94 (2d Cir. 2013).  Here, the Court has already determined that Plaintiff does not qualify to proceed *in forma pauperis* based upon his financial status.  *See* ECF No. 8.  Therefore, Plaintiff's Motion to Appoint Counsel is <u>denied</u>.  It is Plaintiff's responsibility to retain an attorney, or to continue in this action *pro se*.

1

2.  **Motion to File Electronically**

Next, Plaintiff asks for permission to participate in the Court's electronic filing system. The Court's Guide for Pro Se Litigants requires the following:

> Pro se litigants may seek permission to file documents electronically. To do so, the pro se litigant must file a Motion to Participate in Electronic Filing. The motion may be found on the court's website, www.ctd.uscourts.gov. If the motion is granted, the pro se litigant must complete the court's training class on electronic filing for pro se litigants before they can start to file documents electronically.
> The motion requires the litigant to confirm that he has access to a computer with the following capabilities:
> • Access to the internet via Internet Explorer (Version 6 or greater) or Mozilla Firefox (any version). The computer must have one of these internet browsers, which are free downloads.
> • Adobe Reader (Version 7 or greater) Adobe Reader is a free download.
> • Ability to create PDF files. This may be done with a scanner using MS Word (Office 2007 or greater) or Word Perfect (Version 10 or greater). PDF documents also may be created using a product called Adobe Writer.

Because Plaintiff has not sought permission in accordance with the above, his Motion to File Electronically is <u>denied without prejudice to renewal</u>. Plaintiff may re-file his Motion to File Electronically and confirm he has access to a computer with the required capabilities.

3.  **Motion to Designate a Class Action**

Finally, Plaintiff seeks to have the Court designate this matter a class action because he believes that others insured by the defendant are similarly situated and face similar claims. A *pro se* litigant however, cannot bring a class action. *See Ackers v. United Nations*, No. 05-CV-1200(FB), 2005 WL 806592, at *1 (E.D.N.Y. Apr. 8, 2005) ("The Court notes that a class action cannot be maintained by *pro se* litigants."); *Daniels v. Niagara Mohawk Power Corp.*, No. 04-CV-0734S(SC), 2004 WL 2315088, at *1 (W.D.N.Y. Oct. 12, 2004) (noting that "non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of

others."). Because Plaintiff, as a *pro se* litigant, is not an attorney and is not able to represent others, the Motion to Designate a Class Action is denied.

SO ORDERED, this 14th day of April, 2016 at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge